UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHRISTINE ELIZABETH OLIVAS,  No. 07-10319

Debtor(s).
_____/

Memorandum on Termination of Automatic Stay
_____

When a debtor files a Chapter 13 petition, his property becomes property of the bankruptcy estate pursuant to §541(a) and §1306 of the Bankruptcy Code. The property generally revests in the debtor upon confirmation pursuant to §1327(b), but the plan or order confirming the plan may provide otherwise.

In this case, the automatic stay terminated as to the debtor on the 30th day after filing pursuant to §362(c)(3)(A), and the court has issued an order in favor of creditors Marshall and Francesca Donig so reflecting. However, the Chapter 13 trustee objects to an order declaring the stay terminated as to the estate, as the property has not yet revested and he believes that there is sufficient equity in the debtor's real property to pay all creditors in full.

The language of § 362(c)(3)(A) is unambiguous and applies only to property of the debtor. An order applying it to property of a Chapter 13 estate which has not revested is error. *In re Jumpp*, 356 B.R. 789 (1st Cir. BAP 2006). Accordingly, the Chapter 13 trustee's objection will be sustained. He shall submit a form of order declaring that the automatic stay remains in effect as to all estate property until such time as the property has revested in the debtor or the court has granted a motion for relief from the stay.

Dated: June 6, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge